ACCEPTED
05-15-00195-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/17/2015 12:42:43 PM
LISA MATZ
CLERK



### LAW OFFICES OF
# RICHARD ★ PENA, P.C.
#### AUSTIN | McALLEN

November 17, 2015

The Fifth Court of Appeals

c/o The Honorable Lisa Matz, Clerk of the Court

600 Commerce Street, Suite 200

Dallas, Texas 75220

*Via efiling*

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/17/2015 12:42:43 PM
LISA MATZ
Clerk

**Re: Cause No. 05-15-00195-CV**; Dr. Eric Vanderwerff, D.C. v. The Travelers Indemnity Company of Connecticut and Texas Department of Insurance - Division of Workers' Compensation & DWC Commissioner Ryan Brannan, in his official capacity, In the 5th Court of Appeals, Dallas County, Texas

#### Post-Submission Letter Brief of Appellant in Reply to Travelers' Letter Brief

**To the Honorable Justices of the 5th Court of Appeals:**

This letter is in response to the letter brief of the Travelers Ins. Co.—one of the Defendant's below and the Insurance Carrier, regarding the substantive issue of statutory construction and enforcement for preauthorization of medical treatment under the Texas Workers' Compensation Act. Travelers argues against the clear Legislature language of 2003 that preauthorized treatment may be later disputed—the Legislature said No emphatically. Travelers omits reference to the clear statutory language in dispute.

May an insurance carrier preauthorize a leg amputation or a four level spinal fusion with screws and plates and then later say "just kidding." The Legislature clearly determined and made clear in 2003 that the insurance carrier is liable and may not dispute such preauthorized care at a later date. **"The insurance carrier is liable for health care treatment and treatment plans . . . voluntarily preauthorized and may not dispute the certified or agreed-on preauthorized health care treatment . . . at a later date.** TEX. LAB. CODE §413.014(f). How could the Legislature be any clearer? Voluntary preauthorization creates liability and ends any dispute.

The Legislature in 2003 made clear that since 1989 that authorization or preauthorization meant the Insurance Carrier was liable if voluntarily agreeing to pay medical care. The Houston 14th Court made clear in directly addressing

Section 413.041(f) in *Stinson v. Ins. Co. of the Pa.,* 286 S.W.3d 77 (Tex. App.—Houston [14th Dist.], pet. denied Sept. 25, 2009):

> The TWCC cannot prohibit parties from ***voluntarily agreeing to pay for medical services that would otherwise require preauthorization, and any such agreements create liability for those agreed services*** on the part of the insurance carrier. *Tex. Lab. Code Ann. § 413.014(f)* (Vernon 2006).

Long has the word "authorize" been in the English language, with the law unquestionably enforcing "authorize" as "to empower; to give a right or authority to act," with "authorized" "construed as equivalent to 'permitted.' Black's Law Dictionary Revised 4th Ed. 1968, p. 169.   It is likely an oxymoron, or a reaffirmation of "authorize," to use the prefix "pre-" to point out the authorization before the work is performed, which is almost always obtained in advance for services under any policy of insurance.   Any health care provider in the State of Texas will affirm that preauthorization for medical care means approval and liability for reasonable payment (if the payment amount is not also preauthorized), as will any patient of a health care plan.

**The History of Preauthorization and Liability under the 1989 Act**

**ORIGINALLY, PREAUTHORIZATION PROPERLY MEANT LIABILITY TO THE STATE AGENCY.**  In 1989, the Texas Legislature in adopting the Texas Workers' Compensation Act under Texas Revised Civil Statutes 8308 Section 8.28(a) stated as to preauthorization:

> The commission by rule shall specify those health care treatments and services requiring express preauthorization, except for medical emergency, by the insurance carrier. The insurance carrier is not liable for those specified treatments and services if preauthorization is not sought by the claimant or health care provider and either obtained from the insurance carrier or ordered by the commission.

 In 1991, the then Texas Workers' Compensation Commission, TWCC (predecessor to the Texas Department of Insurance-Division of Workers' Compensation, DWC) expressly noted in adopting initial preauthorization rules that:[1]

---

[1] 16 Tex. Reg. 7099, 7100,

> . . . the commission believes that such procedures should be reviewed prior to performance, to ensure that these treatments **are medically necessary** *and related* **to the specific injury**. . . .

> but that all such services should be *subject to* **preauthorization to ensure that such treatment is** *necessary and related* **to the** *specific injury*. . . .

> The commission disagrees, noting that **pre-authorization of medical services ensured providing of treatment necessary** *and related* **to the** *specific injury*, . . . .

In 1993, the Texas Legislature codified the Texas Workers' Compensation Act making clear that preauthorization was necessary to create liability and carriers were not liable if preauthorization was not sought and obtained or ordered:

> Sec. 413.014. PREAUTHORIZATION. (a) The commission by rule shall specify which health care treatments and services require express preauthorization by the insurance carrier. Treatments and services for a medical emergency do not require express preauthorization.
> (b**) The insurance carrier is not liable for those specified treatments and services unless preauthorization is sought by the claimant or health care provider and either obtained from the insurance carrier or ordered by the commission.** (V.A.C.S. Art. 8308-8.28(a).)

**A Decade Later State Agency Attempted to Redefine Statutory Preauthorization Meaning to Meant something less as Travelers erroneously asserts in conflict with the statute.**  In 2000, the  then Texas Workers' Compensation Commission, the predecessor to the DWC, apparently attempted by rule to change the decade long law and rule,  and the TWCC erroneously limited workers and health care providers justified reliance upon written preauthorization requests for medical care.  The TWCC first stated its changed position on preauthorization in the adoption of amendments to Rule 124.3 (28 Tex. Admin Code 124.3):

> Preauthorization decisions are to be made entirely based upon medical necessity of the treatment of the condition proposed to be treated. Issues associated with extent of injury, compensability of the injury, or liability for the claim are separate from the issue of whether a given treatment or service is medically necessary. That is why approval of a preauthorization

request does not make a carrier liable for payment if the carrier successfully challenges the extent of injury/compensability/liability issue.
25 TEXREG 2101 (March 10, 2010)

In 2002, the TWCC amended Rule 134.600 to follow this newly adopted interpretation of preauthorization, effective January 1, 2002, to include the language:

(f) The carrier shall:
(1) approve or deny requests for preauthorization or concurrent review based solely upon the reasonable and necessary medical health care required to treat the injury, regardless of:
(A) unresolved issues of compensability, extent of or relatedness to the compensable injury;
(B) the carrier's liability for the injury; or
(C) the fact that the employee has reached maximum medical improvement;

28 TexReg 9908 (November 30, 2001).   After the problems caused by the TWCC's unsupportable reinterpretation of "preauthorization" in 2000 through 2002, the Legislature passed express language in the Act to state that "preauthorization" means what it means—liability.

## 2003-- LEGISLATURE SAID PREAUTHORIZED CARE MAY NOT BE DISPUTED.

**The Legislature in 2003 clearly reemphasized that preauthorization creates liability and insurance carriers "MAY NOT DISPUTE" such treatments "AT A LATER DATE."** *See* **TEX. LAB. CODE §413.014(f).**   In 2003, Senate Bill 1804 was passed creating express liability of carriers under 413.014 for preauthorized treatment and prohibited an insurance carrier from later disputing the preauthorized treatment, pharmaceuticals, and treatment plans.   The Legislative analysis of the 2003 Legislation could not have been clearer:[2]

Currently, a health care provider may contact an insurance carrier to get precertification or preauthorization for certain care.   After receiving the preauthorization or precertification from the carrier, the services will be

---

[2] http://www.capitol.state.tx.us/tlodocs/78R/analysis/pdf/SB01804S.pdf ; *see also* http://www.capitol.state.tx.us/tlodocs/78R/analysis/pdf/SB01804F.pdf

provided and billed to the insurance carrier. Later, however, the insurance carrier may dispute the treatment and services provided or refuse to pay them. **This bill would clarify this section of the law.**

\* \* \* \* \*

Provides that the insurance carrier is liable for health care treatment and treatment plans and pharmaceutical services that are voluntarily preauthorized *and prohibits the insurance carrier from disputing* **the certified or agreed-upon** *preauthorized* health care treatment and treatment plans and pharmaceutical services *at a later date.*

This bill took effect in September of 2003. Our injured employees and especially our health care providers, our doctors and clinics count on voluntary authorization or payment--"preauthorization"-- to mean exactly what the Legislature clarified to the then TWCC and now the DWC, that the DWC "may not prohibit" and the Legislature clearly used the word "liable" under subsection 413.014(d) and (f) and prohibited disputes of such preauthorized care a later date. This enforces the law as written in 1989, and properly applied through 2000, and the Legislature put the TWCC/DWC on notice that it meant what it said in 2003. **Texas Labor Code Section 413.014** currently provides under (d) and (f):

> (d) The insurance carrier is not liable for those specified treatments and services requiring preauthorization unless preauthorization is sought by the claimant or health care provider and either obtained from the insurance carrier or ordered by the commissioner.
>
> (f) The division may not prohibit an insurance carrier and a health care provider from voluntarily discussing health care treatment and treatment plans and pharmaceutical services, either prospectively or concurrently, and may not prohibit an insurance carrier from certifying or agreeing to pay for health care consistent with those agreements. **The insurance carrier is liable for health care treatment** and treatment plans and pharmaceutical services **that are voluntarily preauthorized and may not dispute** the certified or agreed-on preauthorized health care treatment and treatment plans and pharmaceutical services **at a later date.**

While it is not yet before this Court what preauthorized treatment creates as to liability and no longer being subject to any dispute, the erroneous position of Travelers cannot be supported. The Court should consider the full history and the clear language of the statute that preauthorization ends any dispute and creates liability.

Respectfully,
/s/ Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena, P.C.
2211 South IH 35 Suite 300
Austin, Texas 78741
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellant's Letter Brief in Reply to Travelers' Letter Brief was served on the through counsel of record by the method indicated below on November 17, 2015.

| | |
|---|---|
| DOUGLAS D. GEYSER, Assistant Solicitor General | *Via efiling/eservice* |
| ADRIENNE BUTCHER, Assistant Attorney General | |
| OFFICE OF THE ATTORNEY GENERAL | |
| P.O. Box 12548 (MC 059), Austin, TX 78711-2548 | |
| Tel.: (512) 936-2540 | |
| Fax: (512) 474-2697 | |
| douglas.geyser@texasattorneygeneral.gov | |
| Attorneys for DWC and Commissioner | |
| | |
| James M. Loughlin | |
| Stone Loughlin & Swanson, LLP | *Via efiling/eservice* |
| P.O. Box 3011 | |
| Austin, Texas 78755 | |
| Facsimile: (512) 343-1385 | |
| jloughlin@slsaustin.com | |
| Counsel for Defendant Travelers | |

/s/ Brad McClellan
Bradley Dean McClellan